Merrimack
No. 80-078

JOSEPH GAROFOLI

v.

TOWN OF HENNIKER

March 11, 1981

*Hatfield & Henderson*, of Hillsborough (*Douglas S. Hatfield, Jr.,* on the brief and orally), for the plaintiff.

*Hall, Morse, Gallagher & Anderson*, of Concord (*Charles T. Gallagher* on the brief and orally), for the defendant.

KING, J. The plaintiff petitioned the superior court for abatement of sewer rents assessed by the defendant for the years 1977, 1978, and 1979. The court enjoined the defendant from collecting the rents in issue. We reverse the court's decision.

In October 1976, the defendant began operating its new sewer system. This system is a modern one and includes new pipes, mains, interceptors, and a sewage treatment facility. Prior to October 1976, the defendant's sewer system consisted of a common pipe which ran directly into the Contoocook River.

The plaintiff owns a building housing a laundromat in Henniker and used the old system until August 23, 1979. This system is

separate from the new system, but both were owned and operated by the town. Consequently, the plaintiff's sewage is not directed to the sewage treatment facility before entering the Contoocook River. In an undated letter, received by the plaintiff on July 27, 1979, the defendant indicated that the plaintiff was violating a local ordinance by not connecting to the new system and that the defendant would seek a fine of $100 per day under RSA 31:39 (Supp. 1979) and article XI of the sewer ordinance for each day after October 1, 1979, that the plaintiff's building was not connected to the new system. The plaintiff complied with the directive by connecting to the new system on August 23, 1979. Prior to 1976, the annual sewer rent assessed to the plaintiff was $76.

The plaintiff petitioned the defendant for an abatement of the assessments for the years 1977 through 1979 and asserted that he could not be charged the increased sewer rent prior to August 23, 1979, because he did not use the new system until that time. After receiving no reply from the selectmen, the plaintiff brought a petition in the superior court for abatement of the assessments at issue. A Master (*Robert A. Carignan*, Esq.) recommended that the defendant be enjoined from assessing or collecting sewer rental fees from the plaintiff for these three years. The Superior Court (*Cann*, J.) approved the master's recommendation, and the defendant appeals.

■ The plaintiff argues that this court's decisions in *McGrath v. City of Manchester*, 119 N.H. 109, 398 A.2d 842 (1979), and *Seal Tanning Co. v. City of Manchester*, 118 N.H. 693, 393 A.2d 1382 (1978), require abatement of the sewer rents assessed against him by the Town of Henniker. In *Seal Tanning Co.*, we invalidated a city ordinance imposing sewer rents against property owners whose properties were not yet connected and could not be connected to the city's sewage system because sewer rents are "charges for services rendered." *Id.* at 700, 393 A.2d at 1386. In *McGrath v. City of Manchester*, we held that the city could charge a property owner who had connected to the city sewer system a sewer rent which included the cost of a sewage treatment facility, even though the property owner's sewage was not directed to the facility, because the master found that the city operated only one sewer system and that the property owner's property was connected to it. *McGrath v. City of Manchester, supra* at 110–12, 398 A.2d at 843–44. The plaintiff asserts that because the master found that the defendant operated two separate and distinct sewer systems, and that the plaintiff used only the old system prior to

August 23, 1979, he is entitled to an abatement for the years in question in light of these decisions. We disagree.

The plaintiff overlooks an important consideration that distinguishes this case from *Seal Tanning Co.* and renders the rule of that case inapplicable. In *Seal Tanning Co.*, the city attempted to charge the property owners sewer rents for a system which was not available for their use. *Seal Tanning Co. v. City of Manchester*, *supra* at 695, 393 A.2d at 1383. In this case, however, the new sewer system not only was available to the plaintiff, but the local ordinance required him to use it. Henniker, N.H., Sewer Ordinance art. III, § 1 (1975) (as amended 1977). We will not allow a property owner to avoid paying his just share of the expense of a sewer system by violating a local ordinance requiring him to use it, where the system is both existing and available for his use. Under these circumstances, a person will be deemed to be a "user" of the system for purposes of the asessment of sewer rents.

The plaintiff argues that his failure to connect to the system prior to August 23, 1979, is not an issue because he met the October 1979 deadline contained in the defendant's letter to him. The letter, however, did not excuse the plaintiff's violation of the ordinance; it only gave the plaintiff a reasonable time in which to connect to the system and avoid the penalties set forth above.

The plaintiff also asserts that the effect of his violation is not properly before this court because it was not raised at trial. However, the agreed statement of facts submitted to the superior court makes note of the fact that the new sewer system was within one hundred feet of the laundromat. This language obviously refers to the sewer ordinance in effect in 1976, which requires property owners to use public sewers if a sewer is within that distance from the property. Henniker, N.H., Sewer Ordinance art. III, § 1 (1975). The issue was, therefore, apparent on the face of the record before the master. The defendant excepted to the master's report, and this exception specifically included the master's alleged failure to consider the effect of the ordinance requiring the plaintiff to connect to the new system in 1976.

Accordingly, the decision of the superior court enjoining the defendant from collecting the sewer rents for the years in question is vacated.

*Vacated.*

All concurred.